**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | Chapter 12 |
|     RENEE M. THORPE, | : | |
| | : | |
|     Debtor. | : | Bky. No. 13-15267 ELF |

# O R D E R

**AND NOW WHEREAS**:

A. **On November 14, 2014**, the court confirmed the Debtor's Fifth Amended Plan, As Amended on **November 5, 2014** ("the Plan").

B. The Plan established a process for the sale of the Debtor's farm property or a part thereof.

C. On **July 31, 2015**, pursuant to the Plan, the court entered an order approving the form of notice and the bidding procedures ("the Sale Procedures Order") for the auction of the farm property to be conducted by the Chapter 12 Trustee ("the Trustee").

D. Pursuant to the Plan and the Sales Procedures Order, the Trustee conducted an auction sale of the entire farm property ("the Property") on **September 16, 2015**.

E. Deepak Patel ("Patel") offered the highest bid at the auction, $1.75 million.

F. On **September 18, 2015**, the court entered an order confirming the sale of the Property to Patel ("the Sale Confirmation Order").

G. On **September 21, 2015**, the Debtor appealed the Sale Confirmation Order.

H. By order dated **October 9, 2016**, the district court affirmed the Sale Confirmation Order.[1]

I. Following the district court's **October 9, 2015** order, no order staying the Sale Confirmation

---

[1] The Debtor took a further appeal of the Sale Confirmation Order to the Court of Appeals, but that appeal subsequently has been dismissed.

Order was entered.

J. On **October 16, 2015**, the Trustee and Patel closed on the confirmed auction sale and the Trustee executed and delivered a deed to the Property to Patel.

K. Since **October 16, 2015**, the Debtor and her family have not vacated the Property and remain in possession thereof.

L. On **October 29, 2015**, the Trustee filed a Motion to Evict Debtor With Assistance of U.S. Marshal Service ("the Motion to Evict").

M. The Debtor filed a response to the Motion to Evict and disputes that the Trustee is entitled to any relief.

N. An evidentiary hearing on the Motion to Evict was held and concluded on **November 30, 2016**.[2]

\*    \*    \*    \*    \*    \*

O. Initially, it is indisputable that, having transferred the bankruptcy estate's interest in the Property to Patel, the Trustee has no right of possession of the Property.

P. The Trustee asserts that, implicit in the terms of the Plan itself (proposed by the Debtor and confirmed by the court), is the requirement, upon closing of the auction sale provided for by the Plan and the transfer of ownership to the buyer, that the Debtor relinquish possession of the Property.

---

[2] At the conclusion of the hearing, the court took the matter under advisement but agreed to defer any ruling pending the outcome of settlement discussions. The Trustee recently advised the court that no settlement has been reached and has requested a ruling on the Motion to Evict.

Q. Therefore, notwithstanding the bankruptcy estate's lack of any present ownership or possessory interest in the Property, the Trustee asserts that he may seek the Debtor's eviction from the Property as a remedy for what he characterizes as the Debtor's violation of the terms of her own chapter 12 plan.

R. The Trustee's position is without merit for the following reasons:

    (1) Assuming <u>arguendo</u> that the Debtor's failure to vacate the Property constitutes a violation of the Plan, the Trustee lacks standing to seek the remedy for this asserted violation.[3]

    (2) Even if the Trustee has standing to seek the Debtor's eviction and the Plan included an implicit requirement that the Debtor vacate the Property after the closing on an auction sale, the implied Plan provision was superseded by the express terms of the Sale Procedures Order and the Sale Confirmation Order, both of which contemplated

---

[3] Standing, in the constitutional sense, has three (3) requirements: (1) the plaintiff has suffered an "injury in fact;" (2) the injury is fairly traceable to the challenged action of the defendant; and (3) the injury is redressable through a favorable judicial decision. <u>See, e.g.</u>, <u>Susan B. Anthony List v. Driehaus</u>, 134 S. Ct. 2334, 2341 (2014); <u>In re Global Indus. Technologies, Inc.</u>, 645 F.3d 201, 210 (3d Cir. 2011). Standing also has a prudential dimension. One of those prudential limitations is that, (subject to some exceptions), a plaintiff must assert his own legal rights and interests, not those of third parties. <u>In re Majestic Star Casino, LLC</u>, 716 F.3d 736, 748 (3d Cir. 2013).

    The Trustee lacks standing because he has suffered no injury in fact and is asserting the right of a third party.

    An injury in fact is the "invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." <u>Berg v. Obama</u>, 586 F.3d 234, 239 (3d Cir. 2009) (quoting <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560 (1992) (internal citations and quotations omitted)); <u>accord</u> <u>Finkelman v. Nat'l Football League</u>, 810 F.3d 187, 193 (3d Cir. 2016).

    As to the Debtor, the asserted violation of this putative implied provision of the confirmed plan, <u>per se</u>, is an abstraction. There is no actual harm to the interests of this bankruptcy estate. The actual harm is the Debtor's failure to relinquish possession of the Property to the rightful possessor. That rightful possessor is Patel, not the Trustee. The Trustee's concern that a plan proponent's failure to relinquish possession of a property sold pursuant to the terms of the plan will undermine the effectiveness of trustee sales in other bankruptcy cases is far too general and conjectural to rise to the level of a legally protectable interest. Thus, the Motion to Evict amounts to nothing more than the Trustee seeking to assert the rights of a third party, Patel.

the possibility that the Debtor might "hold over" and provided **a different remedy to the purchaser**.[4]

It is therefore **ORDERED** that:

1. The Eviction Motion is **DENIED WITHOUT PREJUDICE** to Patel's exercise, in a court of competent jurisdiction, of his rights under applicable nonbankruptcy law to obtain possession of the Property.

2. Pursuant to the Sale Confirmation Order, and to the extent not already provided therein, Patel is **GRANTED RELIEF FROM THE AUTOMATIC STAY EFFECTIVE IMMEDIATELY PURSUANT TO 11 U.S.C. §362(d)**, to exercise his rights as provided in Paragraph 1 above.

---

[4] No provision of the Plan expressly stated that the Debtor was required to vacate the Property after the closing on the auction sale. By comparison, the Sales Procedure Order and the Sale Confirmation Order addressed that very issue.

> The Sale Procedure Order provided:
>
>> 41. The Court shall consider as part of the order approving the sale to the Prevailing Bidder, that the Prevailing Bidder be granted relief from the automatic stay in order to take any action necessary to enforce the Prevailing Bidders' possessory rights to the Property. Nothing in this Order impairs any defenses the Debtor may have to the entry of an order granting relief from the automatic stay.
>
> The Sale Confirmation Order provided:
>
>> 5. Upon closing within the time established herein, the Prevailing Bidder is hereby GRANTED relief from the automatic stay in order to take any action necessary to enforce the Prevailing Bidder's possessory rights in the Farm Property.
>
> These orders, read together, are conclusive on the issue presently before the court.

Date: **February 24, 2016**

**ERIC L. FRANK**
**CHIEF U.S. BANKRUPTCY JUDGE**